UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BUCK A. FRALY,

    Plaintiff,   Case No. 2:21-cv-13048

v.   Honorable Sean F. Cox

GRAND TRAVERSE COUNTY
CHILD PROTECTIVE SERVICES
EMPLOYEES, JOHN DOE,
JANE DOE, and JACOB GRAFF,

    Defendants.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

This matter came before the Court on a *pro se* civil rights complaint under 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff Buck A. Fraly is a state prisoner currently housed at the Macomb Correctional Facility in Lenox Township, Michigan.  The defendants are an attorney named Jacob Graff and employees of the Grand Traverse County Child Protective Services ("CPS").

Plaintiff alleges that in 2017, the defendants falsely accused him of being an unfit father, and even though the accusations proved to be untrue, CPS took his children from him for nine months.  He seeks money damages from the defendants in their personal capacity.

A preliminary question is whether this district is the proper venue for Plaintiff's complaint. A civil action may be filed in: (1) a judicial district where any defendant resides, if all the defendants are residents of the State in which the district is located; (2) a judicial district where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b).

Public officials "reside" in the judicial district where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (*per curiam*) (quoting 1 Moore's Federal Practice 1487-88). For the convenience of parties and witnesses, and in the interest of justice, a federal district court may transfer a civil action to any district where the action could have been brought. 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406(a) (authorizing district courts in the interest of justice to transfer a case laying venue in the wrong district to any district where it could have been brought).

The public officials sued in this case perform their official duties in Grand Traverse County, Michigan, and the events giving rise to Plaintiff's claims occurred there. Grand Traverse County lies within the geographical borders for the Southern Division of Federal District Court in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). The proper venue for this action, therefore, is the

2

Southern Division of the United States District Court for the Western District of Michigan. In the interest of justice and for the convenience of the parties and potential witnesses,

**IT IS ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Michigan. The Court has not screened Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, nor determined whether Plaintiff may proceed without prepaying the fees and costs for this action.

Dated: January 11, 2022
s/Sean F. Cox
Sean F. Cox
U. S. District Judge